RIVERA, PETITIONER AND APPELLEE, *v.* WORKMEN'S RELIEF COMMISSION, RESPONDENT AND APPELLANT.

APPEAL from the District Court of San Juan in Certiorari Proceedings.

No. 2223.—Decided April 29, 1921.

CERTIORARI—WORKMEN'S RELIEF COMMISSION.—The object of Act No. 61 of June 19, 1919, amending section 28 of Act No. 10 of 1918, is to bring any decision of the Workmen's Relief Commission before the district court for review.

ID.—ID.—REVIEW—PROCEDURE.—A petition for a writ of certiorari against the Workmen's Relief Commission states sufficient facts if it recites that the commission rendered an erroneous decision and points out some of the circumstances under which the decision was rendered. The proceedings of the commission are brought up in the district court for a plenary review and as its procedure is not defined by Act No. 61 of June 19, 1919, it must follow section 36 of the Code of Civil Procedure.

ID.—ID.—A final decision of the Workmen's Relief Commission is not necessarily erroneous because it was rendered without a report from the Department of Agriculture and Labor as required by subdivision 1 of section 7 of Act No. 61 of June 19, 1919.

ID.—ID.—In this case there was a diversity of opinion among the experts who examined the injured workman as to the time necessary for his cure and the Workmen's Relief Commission, accepting the report of an expert who was also a member of the commission and testified that the workman was cured, decided the case and fixed the amount of the claim. *Held:* That as perhaps the time for the cure of the injured workman might be longer than the time calculated by the commission, the case should be remanded to the commission for further proceedings with ample power to proceed as the interests of the case may require.

The facts are stated in the opinion.

*The Attorney General* and *Messrs. A. Arroyo* and *C. Llauger* for the appellant.

*Mr. M. A. Muñoz* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the District Court of San Juan rendered an opinion wherein it recited that an application for certiorari had been made to it and issued, and that the proceedings of the Workmen's Compensation Commission in the case of the laborer Ventura Rivera were duly before it. Then, after reciting the proceedings before the Commission, the court considered the objections made by the Attorney-General in representation of the Commission.

We agree with the reasoning of the court that the object of Act No. 61 of June 19, 1919, amending section 28 of Act No. 10 of 1918, is to bring any decision of the Workmen's Compensation Commission before the district court for review. Act No. 61 is as follows:

"AN ACT

"TO AMEND SECTION 28 OF AN ACT ENTITLED 'WORKMEN'S ACCIDENT COMPENSATION ACT,' APPROVED FEBRUARY 25, 1918.

"*Be it enacted by the Legislature of Porto Rico:*

"Section 1.—That Section 28 of an act entitled 'Workmen's Accident Compensation Act,' approved February 25, 1918, is hereby amended to read as follows:

" 'Section 28.—That all employers employing workmen under the terms of this Act, shall be bound to contribute to the 'Workmen's Relief Trust Fund' in the form and manner provided herein; *Provided,* That on petition of the aggrieved party, the district court of competent jurisdiction may review upon *certiorari* any decision of the Workmen's Compensation Commission that shall have been rendered in violation of the provisions of this Act, where such remedy is brought within the term of fifteen days from and after the service of notice of the decision complained of; *And provided, further,* That the legality of any tax fixed by the said commission may also be revised in the same manner and form upon *certiorari* brought within the term hereinabove mentioned.'

"Section 2.—That all laws or parts of laws in conflict herewith are hereby repealed.

"Section 3.—That this Act shall take effect ninety days after its approval."

Hence the petition need do but little more than recite that there was an erroneous decision of the Workmen's Compensation Commission, telling some of the circumstances under which the decision was rendered. The nature of the error will be made apparent, as the proceedings of the Commission are necessarily brought up for a plenary review by the district court whose procedure, not being pointed out by Act No. 61, must follow section 36 of the Code of Civil Procedure, as follows:

"Section 36.—When jurisdiction is, by this Code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

The court in its opinion lays some stress on the failure of the Commission to obtain a report from the Department of Agriculture and Labor which the court regards as a condition precedent to the right of the Commission to proceed. We agree with the appellant that this question was waived by not being presented to the Commission.

The pertinent part of section 7 of the Act of February 25, 1918, No. 10 of that year, provides as follows:

"Section 7.—    *    *    *

"The Department of Agriculture and Labor, within forty-eight hours after receipt of notice from the commission of the occurrence of an accident to any workman subject to the provisions of this Act, shall make a thorough investigation of the said accident, the cause or causes thereof, the character, nature and extent of the injuries sustained, and shall file a full report of the said facts with the Workmen's Relief Commission, including in the said report such other facts and circumstances as in the opinion of the Workmen's Relief Commission shall enable it to pass judgment on the claim for the relief of the injured workman when the said claim shall be presented to the commission as herein provided.

"The Workmen's Relief Commission shall have the power to make

such further investigation as it may deem necessary for the purposes of this Act.

"The Workmen's Relief Commission, or some trustworthy person designated by said commission, is hereby expressly authorized to subpoena witnesses, under notice of punishment for contempt, to take oaths and declarations, to examine books and documentary evidence material to the case under investigation, and to visit and inspect the buildings, machinery and other property where any accident to a workman may have occurred."

Considering the provisions of the final clauses of the section, the report of the Department can not have the force given to it by the court, would only be a partial investigation for the Commission and such report seems to be demandable by the Commission at its discretion. The said Commission must also have the medical experts required by section 5, and it has power under said section 7 to make further investigation and use all sorts of legal process to carry its powers into effect.

We are inclined to think that perhaps in certain cases it would be better to hear the laborer before the full Commission. In this case, however, one of the Commission examined him and no particular point was made by the laborer on this ground.

We do not find from the evidence that the Commission erred except on one point, namely, the amount of the indemnity fixed.

We do not agree with the petitioner that the proof tended to show injuries of a permanent nature, but given the diversity of opinion among the experts as to the time needed for the cure of the injured man, perhaps such time would be greater than the number of months calculated by the Commission. In any event, we agree with the court below that the case should be sent back to the Commission for further proceedings, with ample power to proceed as the interests of the case may require.

*Modified and affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.